[No. S169753. June 28, 2010.]

JEFFREY TVERBERG et al., Plaintiffs and Appellants, v.
FILLNER CONSTRUCTION, INC., Defendant and Respondent.

COUNSEL

Kirk J. Wolden, Clayeo C. Arnold; and Leslie M. Mitchell for Plaintiffs and Appellants.

Horvitz & Levy, David M. Axelrad, Stephen E. Norris; Vitale & Lowe, Johanna M. Berta and Robert Lawrence Bragg for Defendant and Respondent.

Ulich & Terry and Andrew K. Ulich as Amici Curiae on behalf of Defendant and Respondent.

Law Office of Priscilla Slocum and Priscilla Slocum for Farmers Insurance Exchange, Truck Insurance Exchange, American Insurance Association and Association of California Insurance Companies as Amici Curiae on behalf of Defendant and Respondent.

OPINION

**KENNARD, J.**—We granted review to resolve a conflict in the Courts of Appeal regarding the implications of our decision in *Privette v. Superior Court* (1993) 5 Cal.4th 689 [21 Cal.Rptr.2d 72, 854 P.2d 721] (*Privette*). That case holds that the hirer of an independent contractor is not *vicariously* liable to the contractor's *employee* who sustains on-the-job injuries resulting from a special or peculiar risk inherent in the work. Those injuries, *Privette* explained, are covered by workers' compensation insurance, the cost of which is generally included in the contract price for the project. (*Id.* at pp. 697–698.)

■ Here, after getting injured at a construction jobsite, an independent contractor hired by a subcontractor sued the general contractor. The trial court granted summary judgment for defendant general contractor. The Court of Appeal reversed. It held that *Privette*, *supra*, 5 Cal.4th 689, precludes recovery only when jobsite injuries are subject to mandatory coverage under California's workers' compensation system, which is not the case when the injured person is an independent contractor. The court expressly disagreed with the Court of Appeal in *Michael v. Denbeste Transportation, Inc.* (2006) 137 Cal.App.4th 1082 [40 Cal.Rptr.3d 777] (*Michael*), which concluded that *Privette*'s holding—that the peculiar risk doctrine does not make one who hires a contractor vicariously liable for workplace injuries sustained by the hired contractor's employees—also operates to bar peculiar risk liability for workplace injuries of an independent contractor. We agree with *Michael* that the peculiar risk doctrine does not make a hiring party liable for the workplace injuries of an independent contractor. But we do not agree with

*Michael* that *Privette*'s holding applies directly in this situation. Nor do we agree with the Court of Appeal here that the presence or absence of workers' compensation coverage is the key to resolving this case. Rather, the reason underlying our holding is this: Unlike a mere employee, an independent contractor, by virtue of the contract, has authority to determine the manner in which inherently dangerous construction work is to be performed, and thus assumes legal responsibility for carrying out the contracted work, including the taking of workplace safety precautions. Having assumed responsibility for workplace safety, an independent contractor may not hold a hiring party *vicariously* liable for injuries resulting from the contractor's own failure to effectively guard against risks inherent in the contracted work.

## I

Because this case comes before us after the trial court's grant of summary judgment, we apply these well-established rules: " ' "[W]e take the facts from the record that was before the trial court when it ruled on that motion," ' " and we " ' " ' "review the trial court's decision de novo, considering all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained." ' " ' " (*Hughes v. Pair* (2009) 46 Cal.4th 1035, 1039 [95 Cal.Rptr.3d 636, 209 P.3d 963], quoting *Lonicki v. Sutter Health Central* (2008) 43 Cal.4th 201, 206 [74 Cal.Rptr.3d 570, 180 P.3d 321].) We also " ' "liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party." ' " (*Ibid.*)

In April and May 2006, defendant Fillner Construction, Inc., was the general contractor for the expansion of a commercial-fuel facility operated by Ramos Oil Company in Dixon, Solano County, California. The project required construction of a metal canopy over some fuel-pumping units. To do that work, Fillner hired subcontractor Lane Supply, which delegated the work to subcontractor Perry Construction Company, which then hired plaintiff independent contractor Jeffrey Tverberg as foreman of Perry's two-man canopy construction crew. Tverberg, who had more than 20 years' experience in structural steel construction, held a state contractor's license under the name J.T. Construction, a sole proprietorship consisting exclusively of Tverberg. Although subcontractor Perry paid Tverberg on an hourly basis, it is undisputed that Tverberg was not Perry's employee but an independent contractor.

As part of the entire commercial-fuel facility project, defendant general contractor Fillner hired subcontractor Alexander Concrete Company to erect eight "bollards," concrete posts intended to prevent vehicles from colliding with the fuel dispensers. On May 1, 2006, which was plaintiff Tverberg's first

day on the job, subcontractor Alexander had already dug eight holes for the bollard footings; each hole was four feet wide and four feet deep. The holes, marked with stakes and safety ribbon, were next to the area where Tverberg was to erect the metal canopy. The bollards had no connection to the building of the metal canopy, and Tverberg had never before seen bollard holes at a canopy installation.

Plaintiff Tverberg asked Steve Richardson, the "lead man" for defendant general contractor Fillner, to cover the holes with large metal plates that were on the site, but Richardson said that he did not have the necessary equipment that day. Richardson did, however, have his crew use a tractor to flatten dirt that was piled around the holes. And Tverberg himself removed three or four stakes that were marking the edges of some of the bollard holes.

The next day, with the bollard holes still uncovered, Tverberg began working on the canopy. He again asked Richardson to cover the holes, but Richardson did not do so. A short while later, as Tverberg walked from his truck toward the canopy, he fell into a bollard hole and was injured.

Tverberg then sued general contractor Fillner and subcontractor Perry, which had hired Tverberg, seeking damages for physical and mental injuries and lost income under theories of negligence and premises liability. It is not clear whether Tverberg's complaint sought recovery under a peculiar risk theory. That theory became an issue when defendant general contractor Fillner's motion for summary judgment asserted that under this court's decision in *Privette, supra*, 5 Cal.4th 689, Fillner could not be held *vicariously* liable for plaintiff's injuries. Fillner also asserted that it could not be held *directly* liable for negligence in failing to provide a safe workplace.[1] Tverberg opposed the motion, contending only that Fillner had retained control over safety conditions at the jobsite and thus could be held *directly* liable for its failure to eradicate a known danger, namely, the open bollard holes.

The trial court entered summary judgment for defendant general contractor. Citing the Court of Appeal's decision in *Michael, supra*, 137 Cal.App.4th 1082, the trial court ruled that plaintiff independent contractor could not hold the general contractor *vicariously* liable on a theory of peculiar risk. The court also rejected plaintiff's contention that defendant general contractor could be held *directly* liable for failing to cover the bollard holes, noting that plaintiff had been "aware of the danger posed by the bollard holes" but "did not refuse to work around" them, and that defendant had never promised to cover the holes.

---

[1] Defendant subcontractor Perry Construction Company, which had hired plaintiff Tverberg, did not seek summary judgment.

On appeal, plaintiff independent contractor argued for the first time that *Privette*, *supra*, 5 Cal.4th 689, did not bar him from holding the general contractor vicariously liable on a theory of peculiar risk. The Court of Appeal agreed, and it reversed the trial court's summary judgment for defendant general contractor. The Court of Appeal held that *Privette*'s rule of not imposing vicarious liability against a hiring party for jobsite injuries sustained by an employee of an independent contractor does not apply when the person injured is the independent contractor himself, because, unlike the employee, the contractor is not subject to mandatory workers' compensation coverage. The court expressly disagreed with the Court of Appeal in *Michael*, *supra*, 137 Cal.App.4th 1082, 1086, that *Privette*'s "policies and rationale" would not permit an independent contractor to hold a hiring party vicariously liable for workplace injuries.

We granted defendant general contractor's petition for review.

## II

Informative here is the analysis in our 1993 decision in *Privette*, *supra*, 5 Cal.4th 689; we therefore discuss it in detail. After Franklin Privette had hired a roofing contractor to install a tar and gravel roof on a duplex he owned, one of the contractor's employees was, in the course of the work, severely burned by hot tar. (*Id.* at p. 692.) The employee sought recovery under California's system of workers' compensation for the workplace injury. He also sued Privette, asserting that under the doctrine of peculiar risk the duplex owner could be held vicariously liable for the roofing contractor's negligence. (*Ibid.*)

■ As we explained in *Privette*, *supra*, 5 Cal.4th at page 695, the term "peculiar risk" derives from the Restatement Second of Torts. A peculiar risk is "neither a risk that is abnormal to the type of work done, nor a risk that is abnormally great." (*Privette*, *supra*, at p. 695.) Rather, it is a special or recognizable danger inherent in the work itself, and that arises "either from the nature or the location of the work and ' "against which a reasonable person would recognize the necessity of taking special precautions." ' " (*Ibid.*)

The doctrine of peculiar risk is a judicially created exception to the common law rule that a person hiring an independent contractor to perform inherently dangerous work is generally not liable to third parties for injuries resulting from the work. (*Privette*, *supra*, 5 Cal.4th at p. 693.) Through this exception to the general rule of hirer nonliability, courts sought to ensure that "a landowner who chose to undertake inherently dangerous activity on his land should not escape liability for injuries to others simply by hiring an

independent contractor to do the work." (*Id.* at p. 694.) Thus, "innocent third parties injured by the negligence of an independent contractor hired by a landowner to do inherently dangerous work . . . would not have to depend on the contractor's solvency in order to receive compensation for the injuries." (*Ibid.*)

At first, the doctrine of peculiar risk was applied to subject a landowner to liability only to *certain* third parties—either bystanders or neighboring property owners—who were injured by the work performed by the hired contractor. (*Privette, supra,* 5 Cal.4th at p. 696.) But over time some courts expanded the doctrine's reach to include another category of third parties—employees of an independent contractor hired by the property owner to perform work that is inherently dangerous, thus subjecting the landowner to vicarious liability for such employees' on-the-job injuries. (*Ibid.*)

██ In *Privette, supra,* 5 Cal.4th 689, 702, we rejected that expansion of the peculiar risk doctrine. Our reason: Workplace injuries to an independent contractor's employees are already compensable under California's Workers' Compensation Act (Lab. Code, §§ 3600, subd. (a), 3716). (*Privette, supra,* at p. 697.) This no-fault-based recovery provides " 'the exclusive remedy against an employer for injury or death of an employee.' " (*Ibid.*) Because workers' compensation is the exclusive remedy for an employee's workplace injuries, thus barring recovery from the employer, so too an independent contractor's employee should not be allowed to recover damages from the contractor's hirer, who "is indirectly paying for the cost of [workers' compensation] coverage, which the [hired] contractor presumably has calculated into the contract price." (*Privette, supra,* 5 Cal.4th at p. 699.)

██ *Privette* pointed out that liability imposed under the peculiar risk doctrine is *vicarious,* meaning that the liability of a person hiring a contractor to perform inherently dangerous work derives not from any negligence by the hirer but from the injury-causing negligence of the hired contractor. (*Privette, supra,* 5 Cal.4th at p. 695 & fn. 2.)

██ Five years later in *Toland v. Sunland Housing Group, Inc.* (1998) 18 Cal.4th 253 [74 Cal.Rptr.2d 878, 955 P.2d 504] (*Toland*), we reiterated the vicarious nature of liability imposed under a theory of peculiar risk. As in *Privette, supra,* 5 Cal.4th 689, *Toland* involved an independent contractor's employee who was injured at the workplace. *Toland* declined to impose peculiar risk liability against a general contractor for the jobsite injuries of an employee of an independent contractor whose negligence had caused the employee's injuries. Peculiar risk liability, we said, "is in essence 'vicarious' or 'derivative' in the sense that it derives from the 'act or omission' of the [independent] contractor, because it is the [independent] contractor who has

caused the injury by failing to use reasonable care in performing the work." (*Toland, supra,* at p. 265.) We further explained that general contractors, like all others who hire independent contractors, have "the right to delegate to independent contractors the responsibility of ensuring the safety of their own workers." (*Id.* at p. 269.) Later, in *Kinsman v. Unocal Corp.* (2005) 37 Cal.4th 659 [36 Cal.Rptr.3d 495, 123 P.3d 931] (*Kinsman*), we again addressed this issue of delegation.

*Kinsman* explained that the concept of delegation is helpful to understanding *Privette*'s rule that the hirer of an independent contractor is not vicariously liable for workplace injury suffered by an employee of the negligent independent contractor. In the words of *Kinsman*: "[A]t common law it was regarded as the norm that when a hirer delegated a task to an independent contractor, it in effect delegated responsibility for performing that task safely, and assignment of liability to the contractor followed that delegation. [Citation.] For various policy reasons discussed in *Privette*, courts have severely limited the hirer's ability to delegate responsibility and escape liability. . . . [P]rincipally because of the availability of workers' compensation, these policy reasons for limiting delegation do not apply to the hirer's ability to delegate to an independent contractor the duty to provide the contractor's employees with a safe working environment." (*Kinsman, supra,* 37 Cal.4th at p. 671, citation omitted.)

Against this legal backdrop, we now consider the case before us.

## III

As mentioned at the outset, here an independent contractor who was hired by a subcontractor sued the general contractor seeking damages for workplace injuries. In holding that the independent contractor could bring the lawsuit, the Court of Appeal looked to our decision in *Privette, supra,* 5 Cal.4th 689. That case holds that the hirer of an independent contractor is not vicariously liable to the contractor's employee who sustains on-the-job injuries arising from a special or peculiar risk inherent in the work. The Court of Appeal reasoned that *Privette* did not control because unlike the independent contractor's *employee* injured at the jobsite, as occurred in *Privette*, the injured independent contractor here was not subject to mandatory coverage for workplace injuries under California's workers' compensation system.[2]

The Court of Appeal expressly disagreed with the Court of Appeal in *Michael, supra,* 137 Cal.App.4th 1082, that the reasoning of *Privette, supra,* 5

---

[2] Under Insurance Code section 11846, independent contractors such as plaintiff may, but are not required to, obtain coverage for workplace injury by purchasing a workers' compensation insurance policy.

Cal.4th 689, would preclude an on-the-job-injured independent contractor, hired by a subcontractor, from holding the general contractor vicariously liable under a theory of peculiar risk. *Michael* described its conclusion as "consistent with common law principles and public policy" set out by this court in *Kinsman, supra,* 37 Cal.4th 659, 671, which explained that principles of delegation are helpful in understanding a hirer's vicarious liability. (*Michael, supra,* at p. 1094 [discussing *Kinsman*].) *Michael* also said that the general contractor had "no duty to inquire" whether the person hired by the subcontractor was the subcontractor's "employee or an independent contractor" (*Michael, supra,* at p. 1095), and that no policy supported imposing " 'any greater liability' " on a general contractor merely because the subcontractor hired an independent contractor to perform work it might have assigned to its own employee (*id.* at pp. 1095–1096).

We agree with the Court of Appeal in *Michael, supra,* 137 Cal.App.4th 1082, that an injured independent contractor hired by a subcontractor cannot hold the general contractor vicariously liable for those jobsite injuries on a theory of peculiar risk. But our reasoning differs, as we explain below.

As mentioned earlier, the doctrine of peculiar risk was developed by the courts as an exception to the common law rule of hirer nonliability "to ensure that *innocent third parties* injured by the negligence of an independent contractor hired by a landowner to do inherently dangerous work . . . would not have to depend on the contractor's solvency in order to receive compensation for the injuries." (*Privette, supra,* 5 Cal.4th at p. 694, italics added.) "It was believed that as between two parties innocent of any personal wrongdoing—the person who contracted for the work and the hapless victim of the contractor's negligence—the risk of loss occasioned by the contracted work was more fairly allocated to the person for whose benefit the job was undertaken." (*Ibid.*) *Privette* held that an independent contractor's injured employee, although qualifying as a "third party" with respect to the contract between the hirer and the independent contractor, cannot use the doctrine of peculiar risk to recover damages from the hirer of the independent contractor for injuries compensable under workers' compensation insurance, the cost of which is generally included in the contract price for the hired work. In *Privette,* in which the injured plaintiff had not been delegated authority under the hiring contract, the availability of workers' compensation insurance to compensate for the injury was central to our holding that the hirer should not incur peculiar risk liability for on-the-job injury to an independent contractor's employee. But the existence of workers' compensation coverage is not relevant to deciding whether a hirer should incur vicarious liability for workplace injury to an independent contractor who was hired by a subcontractor to do inherently dangerous work.

■ When an independent contractor is hired to perform inherently dangerous construction work, that contractor, unlike a mere employee, receives authority to determine how the work is to be performed and assumes a corresponding responsibility to see that the work is performed safely. The independent contractor receives this authority over the manner in which the work is to be performed from the hirer by a process of delegation. This delegation may be direct, when the hirer has contracted with the independent contractor, or indirect, when the hirer contracts with another contractor who then subcontracts the work to the independent contractor. (See generally Civ. Code, § 2349 [allowing for such delegation of authority]; Rest.3d Agency, § 3.15; see also *Michael, supra*, 137 Cal.App.4th at pp. 1087, 1093–1094 [general contractor delegated authority to subcontractor, who hired independent contractor Denbeste, who, in turn, delegated work to the plaintiff].) Whether direct or indirect, this delegated control over the performance of the work removes the independent contractor from the category of "innocent third parties" deserving of financial protection under the doctrine of peculiar risk. As this court stressed in *Kinsman, supra*, 37 Cal.4th 659, when the hirer of an independent contractor delegates control over the work to the contractor, the hirer also delegates "responsibility for performing [the] task safely." (*Id.* at p. 671; see also *Privette, supra*, 5 Cal.4th at p. 693.)  (7)  Therefore, a hired independent contractor who suffers injury resulting from risks inherent in the hired work, after having assumed responsibility for all safety precautions reasonably necessary to prevent precisely those sorts of injuries, is not, in the words of *Privette, supra*, at page 694, a "hapless victim" of someone else's misconduct. In that situation, the reason for imposing vicarious liability on a hirer—compensating an *innocent third party* for injury caused by the risks inherent in the hired work—is missing.

As noted earlier, a hirer's liability under the doctrine of peculiar risk is *vicarious*. (*Privette, supra*, 5 Cal.4th at p. 695 & fn. 2.) This means that, irrespective of the hirer's lack of negligence, the hirer incurs liability for the hired contractor's act or omission in failing to use reasonable care in performing the hired work. (*Toland, supra*, 18 Cal.4th at p. 265.) And in hiring an independent contractor to perform work that presents some inherent risk of injury to others, the hirer delegates responsibility over the work to the contractor. (See *Kinsman, supra*, 37 Cal.4th at p. 671.) It would be anomalous to allow an independent contractor to whom responsibility over the hired work has been delegated to recover against the hirer on a peculiar risk theory while denying such recovery to an independent contractor's *employee*, a person who lacks any authority over the hired work.

■ For these reasons, we conclude that the doctrine of peculiar risk does not apply when, as here, an on-the-job-injured independent contractor hired by a subcontractor seeks to hold the general contractor vicariously liable for injuries arising from risks inherent in the nature or the location of the hired

work over which the independent contractor has, through the chain of delegation, been granted control. Because the bollard holes were located next to the area where Tverberg was to erect the metal canopy, the possibility of falling into one of those holes constituted an inherent risk of the canopy work.

The Court of Appeal in this case reached a contrary conclusion, reasoning that because plaintiff independent contractor was not subject to mandatory workers' compensation coverage, defendant general contractor could be held *vicariously* liable on a theory of peculiar risk, and on that basis the Court of Appeal reversed the trial court's grant of summary judgment for defendant general contractor. Consequently, the Court of Appeal did not address other issues raised on plaintiff's appeal from the trial court's grant of summary judgment for defendant general contractor, notably whether defendant could be held *directly* liable on a theory that it retained control over safety conditions at the jobsite. We therefore remand this matter to the Court of Appeal for consideration of those remaining issues.

## DISPOSITION

The judgment of the Court of Appeal is reversed, and the case is remanded to that court for proceedings consistent with this opinion.

George, C. J., Baxter, J., Werdegar, J., Chin, J., Moreno, J., and Corrigan, J., concurred.