[No. D058914. Fourth Dist., Div. One. Apr. 26, 2012.]

RODGER J. HARTNETT, Plaintiff and Appellant, v.
DIANE CROSIER et al., Defendants and Respondents.

■■■■■■■■■■■■■■■■■

COUNSEL

Vrevich & Associates and Barry M. Vrevich for Plaintiff and Appellant.

Higgs, Fletcher & Mack, John M. Morris and Victoria E. Fuller for Defendant and Respondent Lora Duzyk.

Hocker & Nalu, Robert N. Hocker and Ayad Michael Nalu for Defendants and Respondents Diane Crosier and Lisa Jensen.

Wertz McDade & Wallace and Pamela Lawton Wilson for Defendant and Respondent Michele Fort-Merrill.

Wingert Grebing Brubaker & Juskie, Alan K. Brubaker and Eric R. Deitz for Defendant and Respondent Rick Rinear.

OPINION

McCONNELL, P. J.—

## INTRODUCTION

Rodger J. Hartnett, a former employee of the San Diego County Office of Education (Education Office), sued several Education Office employees (individual defendants) alleging they retaliated against him in violation of Education Code section 44113, subdivision (a)[1] (section 44113(a)). Among other relief, Hartnett sought punitive damages and attorney fees under section 44114, subdivision (c) (section 44114(c)). The trial court granted summary judgment in favor of the individual defendants after determining section 44113(a) did not apply to them because they were management employees and section 44114(c) did not apply to Hartnett because he was also a management employee. Hartnett appeals, contending the trial court erred in these determinations.

We conclude the trial court erred in determining section 44113(a) did not apply to those individual defendants who are also supervisory employees under Government Code section 3540.1, subdivision (m). However, we conclude the trial court correctly determined section 44114(c) did not apply to Hartnett. We, therefore, reverse the judgment and remand the matter to the trial court for further proceedings.

---

[1] Further statutory references are also to the Education Code unless otherwise stated.

## BACKGROUND

Hartnett's second amended complaint (complaint) alleges he was a claims coordinator in the Education Office's risk management department. In October 2007 the Education Office discharged him, ostensibly for incompetency, insubordination, and dishonesty. He asserts, however, the Education Office, in part through the acts of the individual defendants, actually discharged him in retaliation for disclosing that some of the individual defendants referred the Education Office's legal business to friends and family members in exchange for gifts, gratuities, and other considerations, including discounted personal legal services.[2] He further asserts the individual defendants' actions violated section 44113(a) and entitled him to, among other relief, punitive damages and attorney fees under section 44114(c).

Two of the individual defendants separately moved for summary judgment on grounds, among others, that section 44113(a) did not impose liability on them because they were management employees and section 44114(c) did not provide remedies for Hartnett because he was also a management employee. The trial court agreed and granted the motions. The trial court subsequently entered judgment in favor of these individual defendants.

Three other individual defendants then separately moved for summary judgment on the same grounds. The parties stipulated the trial court's ruling on the first two summary judgment motions should apply to the latter three, and the latter three should be deemed granted. Given this stipulation, the trial court also entered judgment in favor of these individual defendants.

## DISCUSSION

## I

### *Granting of Summary Judgment Motions*

"Because this case comes before us after the trial court's grant of summary judgment, we apply these well-established rules: ' " '[W]e take the facts from the record that was before the trial court when it ruled on that motion,' " ' and we ' " ' " 'review the trial court's decision de novo, considering all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained.' " ' " ' [Citation.] We also ' " 'liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party.' " ' "

---

[2] A more comprehensive description of the facts underlying Hartnett's claims is contained in our prior decision, *Hartnett v. Duzyk* (Sept. 29, 2009, D053889) (nonpub. opn.).

(*Tverberg v. Fillner Construction, Inc.* (2010) ·49 Cal.4th 518, 522 [110 Cal.Rptr.3d 665, 232 P.3d 656].) "We need not defer to the trial court and are not bound by the reasons in its summary judgment ruling; we review the ruling of the trial court, not its rationale." (*Oakland Raiders v. National Football League* (2005) 131 Cal.App.4th 621, 630 [32 Cal.Rptr.3d 266].)

### A

█ Sections 44113(a) and 44114(c) are part of the Reporting by School Employees of Improper Governmental Activities Act (§§ 44110–44114) (Act). Regarding the application of section 44113(a) to the individual defendants, section 44113(a) prohibits "[a]n employee" from using his or her official position to retaliate against "any person" to deter the person from making a disclosure protected by the Act.[3] As "person" includes "any individual" (§ 44112, subd. (d)), Hartnett is unquestionably protected by section 44113(a). At issue is whether the individual defendants are "employees" such that the statute prohibits their alleged retaliatory acts and permits a civil action against them.

"Employee" under section 44113(a) means a "public school employee" as defined in Government Code section 3540.1, subdivision (j). (§ 44112, subd. (a).) A "public school employee" is "a person employed by a public school employer *except* persons elected by popular vote, persons appointed by the Governor of this state, *management employees*, and confidential employees." (Gov. Code, § 3540.1, subd. (j), italics added.) A " '[m]anagement employee' " is an employee with "significant responsibilities for formulating district policies or administering district programs. Management positions shall be designated by the public school employer subject to review by the Public Employment Relations Board." (Gov. Code, § 3540.1, subd. (g).)

The record establishes that the individual defendants are management employees. Thus, at first blush, it appears section 44113(a) does not apply to them.

However, approximately a month before the trial court ruled on the first two summary judgment motions, the Third District Court of Appeal decided *Conn v. Western Placer Unified School Dist.* (2010) 186 Cal.App.4th 1163

---

[3] Section 44113(a) provides: "An employee may not directly or indirectly use or attempt to use the official authority or influence of the employee for the purpose of intimidating, threatening, coercing, commanding, or attempting to intimidate, threaten, coerce, or command any person for the purpose of interfering with the right of that person to disclose to an official agent matters within the scope of this article."

[113 Cal.Rptr.3d 116] (*Conn*).[4] In *Conn*, a probationary teacher sued her school district and certain of its employees under section 44113(a). She claimed the school district and certain of its employees prevented her reelection to a third year of employment, thus denying her tenure, in retaliation for her efforts to disclose that the school district was not properly evaluating certain students and assigning them appropriate special education services. (*Conn, supra*, at pp. 1167, 1173.) The trial court entered a directed verdict on the teacher's claim against the individual employees, finding the individual employees were management employees exempt from liability under section 44113. (*Conn, supra*, at pp. 1167, 1173.)

■ The appellate court, however, concluded section 44113 does not exempt management employees from liability if the employees were acting as supervisory employees when they committed the allegedly offending acts. (*Conn, supra*, 186 Cal.App.4th at pp. 1168, 1175–1176.) The appellate court explained, "Section 44113 is replete with nesting definitions that govern its application. It makes an 'employee' liable in damages for using his or her 'official authority' to interfere with the right of a schoolteacher to disclose to an official agent improper governmental activities. Although the term 'employee' generally excludes 'management employees' by incorporation of provisions of the Government Code (Ed. Code, § 44112, subd. (a); Gov. Code, § 3540.1, subd. (j)), it does not exclude ' "[s]upervisory employee[s]" ' who exercise official authority over personnel actions. (Gov. Code, § 3540.1, subd. (m).) This dovetails with subdivision (b) of section 44113 that defines ' "official authority" ' as including 'personnel action[s].' Consequently, section 44113 makes persons who exercise supervisory authority over personnel actions liable when that authority is used to interfere with a schoolteacher's rights under the Act." (*Id.* at pp. 1167–1168.)

1

The individual defendants recognize *Conn* is not favorable to their position and contend the decision is wrong because it conflicts with the legislative history of the Act. We disagree.

■ "When construing a statute, a court's goal is 'to ascertain the intent of the enacting legislative body so that we may adopt the construction that best effectuates the purpose of the law.' [Citations.] Generally, the court first examines the statute's words, giving them their ordinary and usual meaning and viewing them in their statutory context, because the statutory language is usually the most reliable indicator of legislative intent. [Citations.] [¶] When

---

[4] Although both parties discuss this case on appeal, it appears neither party ever brought this case to the trial court's attention.

the statutory language is ambiguous, a court may consider the consequences of each possible construction and will reasonably infer that the enacting legislative body intended an interpretation producing practical and workable results rather than one producing mischief or absurdity. 'Our decisions have long recognized that a court's "overriding purpose" in construing a statute is "to give the statute a *reasonable* construction conforming to [the Legislature's] intent [citation] . . . ." ' [Citation.] 'The court will apply common sense to the language at hand and interpret the statute to make it workable and reasonable.' [Citation.] 'When a statute is capable of more than one construction, " '[w]e must . . . give the provision a reasonable and common-sense interpretation consistent with the apparent purpose and intention of the lawmakers, practical rather than technical in nature, which upon application will result in wise policy rather than mischief or absurdity.' " ' " (*Gattuso v. Harte-Hanks Shoppers, Inc.* (2007) 42 Cal.4th 554, 567 [67 Cal.Rptr.3d 468, 169 P.3d 889].)

In this case, the existence of a supervisory employee classification, which is neither expressly included nor excluded from the definition of "employee" under section 44112, subdivision (a) and Government Code section 3540.1, subdivision (j), creates an ambiguity about the application of section 44113(a) to management employees who are also supervisory employees. We have reviewed the legislative history of the Act included in the appellate record. There is no discussion in the legislative history about the application of the legislation to such employees, or even to generic management employees.

Nevertheless, the legislative history indicates the California School Employees Association sponsored the legislation to give public school employees protections similar to those provided to state employees under the California Whistleblower Protection Act (Whistleblower Act) (Gov. Code, § 8547 et seq.)[5] so that public school employees, particularly classified school employees and teachers, could "bring forward to their supervisors or management improper activities without having to fear that they are endangering their jobs." (Sen. Com. on Public Employment & Retirement, Analysis of Assem. Bill No. 2472 (1999–2000 Reg. Sess.) as amended May 26, 2000, pp. 1–3; see Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 2472 (1999–2000 Reg. Sess.) as amended Aug. 25, 2000, pp. 1–3; Sen. Com. on Judiciary, Analysis of Assem. Bill No. 2472 (1999–2000 Reg. Sess.) as amended May 26, 2000, pp. 2–3, 7, 9.) The individual defendants' construction of the statute would produce mischief or absurdity because it would exempt from liability those most likely and able to retaliate against

---

[5] Many of the provisions of the two acts are nearly identical. (Compare Ed. Code, §§ 44112, subds. (b)–(e), 44113, subds. (a), (b) & (d), (e), 44114 with Gov. Code, §§ 8547.2, subds. (b)–(e), 8547.3, subds. (a)–(d), 8547.8.)

public school employees making protected disclosures. In other words, the individual defendants' construction of section 44113(a) would thwart the Act's very purpose.

On the other hand, the *Conn* court's construction of section 44113(a) ensures those most likely and able to retaliate against public school employees face liability for their actions. Accordingly, we conclude the *Conn* court's construction of section 44113(a) produces a workable, practical result and is wholly consistent with the legislative history of the Act.

2

The individual defendants also contend the *Conn* decision is wrong because it conflicts with California Supreme Court precedent holding that managers of private companies are not subject to personal liability for employment retaliation claims. Again, we disagree.

The individual defendants rely on *Jones v. Lodge at Torrey Pines Partnership* (2008) 42 Cal.4th 1158 [72 Cal.Rptr.3d 624, 177 P.3d 232] (*Jones*) to support their position. The *Jones* case involved the issue of whether the antiretaliation provision (Gov. Code, § 12940, subd. (h)) in the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq.) imposed personal liability on individuals. (*Jones, supra,* 42 Cal.4th at pp. 1160, 1162.) In determining the provision did not impose such liability, the California Supreme Court interpreted statutory language and a statutory scheme far different from the statutory language and statutory scheme at issue here. (*Id.* at pp. 1162–1174.) Consequently, the *Jones* case is inapposite to and offers us no guidance on how to resolve this case.

We further note the Whistleblower Act provides for individual liability for retaliatory acts. (Gov. Code, §§ 8547.2, subds. (a), (d), 8547.3, subd. (c), 8547.8, subd. (c).) The fact the legislature modeled the Act after the Whistleblower Act (see fn. 5, *ante*) strongly supports a conclusion the Act also provides individual liability for retaliatory actions. At the very least, it belies the individual defendants' assertion that there is no employment context in which individuals may be liable for their retaliatory actions.

3

Given the holding in *Conn, supra,* 186 Cal.App.4th 1163, with which we agree, we conclude the trial court erred in granting summary judgment in favor of the individual defendants who are also supervisory employees under Government Code section 3540.1, subdivision (m). As the trial court never had an opportunity to address whether any of the individual defendants are

supervisory employees, we express no opinion on the matter. Rather, we leave the issue to be resolved by the trial court on remand should the issue be properly presented to it.

## B

■ Regarding the application of section 44114(c) to Hartnett, section 44114(c) imposes liability for punitive damages and attorney fees on a person who intentionally retaliates against a "public school employee" for making a protected disclosure.[6] As previously stated, a "public school employee" is "a person employed by a public school employer *except* persons elected by popular vote, persons appointed by the Governor of this state, *management employees*, and confidential employees." (Gov. Code, § 3540.1, subd. (j), italics added; see § 44112, subd. (a).) A " '[m]anagement employee' " is "an employee in a position having significant responsibilities for formulating district policies or administering district programs. *Management positions shall be designated by the public school employer subject to review by the Public Employment Relations Board.*" (Gov. Code, § 3540.1, subd. (g), italics added.)

■ The parties have not cited and we have not located any authority interpreting the latter highlighted language. In addition, we have not found any documents in the legislative history bearing on its interpretation. Nonetheless, we believe the most practical and straightforward interpretation of it is that if a public school employer designates an employee as a management employee, the public school employer's designation is controlling unless the Public Employment Relations Board (PERB) reviews the designation and determines the designation is incorrect.

Thus, for purposes of determining whether section 44114(c) applies to Hartnett, the only factual questions are whether the Education Office designated Hartnett as a management employee, and whether PERB reviewed and overturned the Education Office's designation. Whether Hartnett could have or should have challenged the designation with PERB, or whether he would have prevailed if he had, are irrelevant considerations.

---

[6] Section 44114(c), provides: "In addition to all other penalties provided by law, a person who intentionally engages in acts of reprisal, retaliation, threats, coercion, or similar acts against a public school employee or applicant for employment with a public school employer for having made a protected disclosure shall be liable in an action for damages brought against him or her by the injured party. Punitive damages may be awarded by the court where the acts of the offending party are proven to be malicious. Where liability has been established, the injured party shall also be entitled to reasonable attorney's fees as provided by law. However, an action for damages shall not be available to the injured party unless the injured party has first filed a complaint with the local law enforcement agency."

The record establishes the Education Office designated Hartnett as a management employee. The record does not show PERB reviewed and overturned Hartnett's designation. Therefore, when the alleged retaliatory acts occurred, Hartnett was a management employee as a matter of law and the trial court correctly determined section 44114(c) did not apply to him.

## II

### *Failure to Rule on Denial of Request for Leave to Amend*

Lastly, in his opposition to the first two summary judgment motions, Hartnett requested leave to amend his complaint and a stay of the summary judgment proceedings pending the amendment if the trial court concluded his claims against the individual defendants were insufficient as a matter of law. He argued that, even if he could not sue the individual defendants under the Act, he could sue them under section 45317 as it did not contain a comparable management employee exemption. He also argued he could sue them under section 1983 of title 42 of the United States Code. The trial court's ruling on the summary judgment motions did not address Hartnett's request.

Hartnett subsequently moved for a new trial. Among the grounds for the motion, he argued the trial court abused its discretion by failing to rule on his request for leave to amend. The trial court rejected this argument.

On appeal, Hartnett contends the trial court abused its discretion by denying him leave to amend his complaint. He asserts the trial court was required to grant him leave to amend because the trial court's rulings on the summary judgment motions functioned as rulings on motions for judgment on the pleadings, and he made an offer of proof showing he could cure the identified defects by substituting two other statutes as bases for the same claims he asserted under sections 44113(a) and 44114(c).

We need not address this contention given our conclusion the trial court erred in granting the summary judgment motions as to Hartnett's claim under section 44113(a). If Harnett wishes to allege any new legal theories on remand, he should formally seek leave to amend his complaint from the trial court, so the trial court may consider the merits of the matter in the first instance. (Code Civ. Proc., § 473, subd. (a).)

## DISPOSITION

The judgments are affirmed as to appellant's claim under section 44114(c) and reversed as to appellant's claim under section 44113(a). The matter is remanded to the trial court for further proceedings consistent with this decision. The parties are to bear their own costs on appeal.

Benke, J., and Nares, J., concurred.

Respondents' petition for review by the Supreme Court was denied August 8, 2012, S203102.