Filed 7/20/17

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| BERNIE ALVAREZ,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>SEASIDE TRANSPORTATION SERVICES LLC et al.,<br><br>    Defendants and Respondents. | B275980<br><br>(Los Angeles County<br>Super. Ct. No. BC538128) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Holly Fujie, Judge.  Affirmed.

Law Offices of Richard Devirian and Richard C. Devirian; Esner, Chang & Boyer and Stuart B. Esner for Plaintiff and Appellant.

Cox, Wootton, Lerner, Griffin & Hansen, Richard C. Wootton, Mitchell S. Griffin and Marc A. Centor for Defendants and Respondents.

_____

Plaintiff and appellant Bernie Alvarez was injured at work when he drove a maintenance van into a shipping container. Plaintiff's employer, Pacific Crane Maintenance Company (PCMC), had been hired by Evergreen Container Terminal (Evergreen) to perform maintenance work at a marine container terminal. Plaintiff sued Evergreen and two of its contractors alleging general negligence.

The trial court granted summary judgment to defendants based on the *Privette* doctrine. Under *Privette v. Superior Court* (1993) 5 Cal.4th 689 (*Privette*), an independent contractor's employee generally may not recover tort damages for work-related injuries from the contractor's hirer. On appeal, plaintiff argues that (1) defendants did not meet their burden as the moving parties on summary judgment, and (2) he raised triable issues of material fact as to whether the *Privette* doctrine did not apply because defendants retained control over safety conditions at the worksite and affirmatively contributed to his injuries. We disagree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Evergreen leases a marine container terminal in the Port of Los Angeles (Evergreen Terminal). Evergreen contracted with Marine Terminals Corporation dba Ports America (Ports America), Seaside Transportation Services, LLC (Seaside), and PCMC to provide services at the terminal.

PCMC's contract with Evergreen provides that "PCMC shall exercise reasonable care and use its best efforts to prevent accidents, injury, or damages to it[]s employees . . . . PCMC shall have an active[,] ongoing safety program and shall comply with all applicable safety rules, applicable laws, ordinances, and

1

regulations." The contract does not address any obligation on Evergreen's part to ensure safe conditions at the worksite.

Plaintiff worked for PCMC for 13 years as a marine mechanic. He was required to watch a training video on general safety once a year. The video warned workers that 45-foot shipping containers may be located next to 40-foot containers at the terminal. Plaintiff was also verbally informed of this possibility.

On March 11, 2012, at about 6:15 p.m., plaintiff was inspecting chassis at the Evergreen Terminal while driving a maintenance van past a row of 40-foot shipping containers. It was light out. As he was driving, he was glancing to his right to check dates written on chassis. He was driving nine to ten miles per hour when he collided with a 45-foot container. The 45-foot container was protruding into the driving lane by over seven feet.

At the time of the accident, plaintiff did not know he had been injured and continued to work for three weeks. He later became aware of injuries to his right shoulder, lower back, and knees. On March 3, 2014, he filed a complaint for general negligence against Evergreen, Seaside, and Ports America.

Defendants moved for summary judgment arguing they were not liable for plaintiff's workplace injuries under the *Privette* doctrine. In opposition, plaintiff did not address the *Privette* doctrine but argued that the 45-foot container's partial obstruction of the driving lane violated the Pacific Coast Marine Safety Code (Marine Safety Code).[1]

---

[1]    We take judicial notice of the fact that the International Longshoremen and Warehouse Union and Pacific Maritime Association's Pacific Coast Marine Safety Code is a self-described "voluntary code for use in all ports of the Pacific Coast."

The trial court granted summary judgment, holding that "Defendants have satisfied their burden to show that there is no triable issue of material fact and Defendants are entitled to summary judgment as a matter of law, pursuant to the *Privette* doctrine. . . . *Privette* and its progeny establish that the hirer of an independent contractor presumptively delegates to that contractor its duty to provide a safe workplace for the contractor's employees. . . . Plaintiff has provided no evidence showing that Defendants retained control of the contracted work or rebutting the presumptive delegation to the contractor employee, PCMC, of responsibility for workplace safety."

Judgment was entered for defendants, and plaintiff timely appealed.

## DISCUSSION

1.  *The Privette Doctrine*

Workers' compensation " 'is the exclusive remedy against an employer for injury or death of an employee.' [Citation.]" (*Privette, supra,* 5 Cal.4th at p. 697.) In *Privette*, the Supreme Court held that "an independent contractor's employee should not be allowed to recover damages from the contractor's hirer, who 'is indirectly paying for the cost of [workers' compensation] coverage, which the [hired] contractor presumably has calculated into the contract price.' [Citation.]" (*Tverberg v. Fillner Construction, Inc.* (2010) 49 Cal.4th 518, 525.)

The *Privette* holding was based on the principle that the hirer of an independent contractor generally has " ' " 'no right of control as to the mode of doing the work contracted for.' " ' " (*Hooker v. Department of Transportation* (2002) 27 Cal.4th 198, 213 (*Hooker*).) Precisely because the hirer "has *no* obligation to specify the precautions an independent hired contractor should

3

take for the safety of *the contractor's employees, . . .* [a]bsent an obligation, there can be no liability in tort." (*Toland v. Sunland Housing Group, Inc.* (1998) 18 Cal.4th 253, 267.)

There is an exception to the general rule of nonliability when the hirer retains control over safety conditions at the worksite.[2] The "hirer of an independent contractor can be liable for a workplace injury of the contractor's employee if the hirer retained control over the contractor's work and exercised that control in a way that 'affirmatively contribute[d]' to the employee's workplace injury. [Citation.]" (*SeaBright Ins. Co. v. US Airways, Inc.* (2011) 52 Cal.4th 590, 604 (*SeaBright*).)

"In order for a worker to recover on a retained control theory, the hirer must engage in some active participation. [Citation.]" (*Tverberg v. Fillner Construction, Inc.* (2012) 202 Cal.App.4th 1439, 1446.) "An affirmative contribution may take the form of actively directing a contractor or an employee about the manner of performance of the contracted work. [Citations.] When the employer directs that work be done by use of a particular mode or otherwise interferes with the means and methods of accomplishing the work, an affirmative contribution occurs. [Citations.] When the hirer does not fully delegate the task of providing a safe working environment but in some manner actively participates in how the job is done, the hirer may be held liable to the employee if its participation

_____

[2] Another exception to the general rule of nonliability exists when a landowner fails to warn an independent contractor about a "latent or concealed preexisting hazardous condition on its property." (*Kinsman v. Unocal Corp.* (2005) 37 Cal.4th 659, 664.) Appellant does not argue this exception applies, nor do we believe it is at issue given the 45-foot container was not latent or concealed.

4

affirmatively contributed to the employee's injury.  [Citation.]"
(*Ibid.*)

2.     *Defendants Met Their Burden as the Moving Parties on*
       *Summary Judgment*

"[S]ummary judgment or summary adjudication is to be
granted when there is no triable issue of material fact and the
moving party is entitled to judgment as a matter of law." (*Mills
v. U.S. Bank* (2008) 166 Cal.App.4th 871, 894–895.)  The "party
moving for summary judgment bears an initial burden of
production to make a prima facie showing of the nonexistence of
any triable issue of material fact; if he carries his burden of
production, he causes a shift, and the opposing party is then
subjected to a burden of production of his own to make a prima
facie showing of the existence of a triable issue of material fact."
(*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 861–862.)

"A defendant seeking summary judgment bears the initial
burden of proving the cause of action has no merit by showing
that one or more of its elements cannot be established or there is
a complete defense to it . . . .  [Citations.]" (*Cucuzza v. City of
Santa Clara* (2002) 104 Cal.App.4th 1031, 1037.)  However, a
defendant moving for summary judgment is " 'entitled to the
benefit of any relevant presumptions . . . .' [Citation.]" (*Security
Pac. Nat. Bank v. Associated Motor Sales* (1980) 106 Cal.App.3d
171, 179–180; *Engalia v. Permanente Medical Group, Inc.* (1997)
15 Cal.4th 951, 977.)

Depending on the type of presumption at issue—one
affecting the burden of proof or one affecting the burden of
producing evidence—a moving party's burden on summary
judgment may shift once it shows the presumption applies.  A
presumption affecting the burden of proof "does not affect the

5

showing required for a summary judgment . . . ." (*Security Pac. Nat. Bank v. Associated Motor Sales, supra*, 106 Cal.App.3d at p. 179.)  By contrast, a presumption affecting the burden of producing evidence operates to shift the burden on summary judgment to the opposing party to show there are triable issues of fact.  (*Id*. at pp. 179–180.)

The *Privette* line of decisions establishes a presumption that an independent contractor's hirer "delegates to that contractor its tort law duty to provide a safe workplace for the contractor's employees."  (*SeaBright*, *supra*, 52 Cal.4th at p. 600.) Plaintiff acknowledges this presumption but argues that it only affects the burden of proof at trial.  According to plaintiff, defendants, as the moving parties on summary judgment, bore the burden of presenting evidence that they did *not* retain control over safety conditions at the worksite in a manner that affirmatively contributed to his injuries.  We disagree because we conclude the *Privette* presumption affects the burden of producing evidence.

"A presumption is either conclusive or rebuttable.  Every rebuttable presumption is either (a) a presumption affecting the burden of producing evidence or (b) a presumption affecting the burden of proof."  (Evid. Code, § 601.)  All presumptions not declared by law to be conclusive are rebuttable.  (Evid. Code, § 620.)  "We are required initially by the Evidence Code to characterize a rebuttable presumption as one affecting either the burden of proof or the burden of producing evidence (Evid. Code, § 601), where the statutory or decisional law creating the presumption has failed to so specify."  (*In re Marriage of Ashodian* (1979) 96 Cal.App.3d 43, 46.)

Here, the presumption created by the Supreme Court based on the *Privette* doctrine was not declared to be conclusive.

6

Therefore, the presumption is rebuttable. The Supreme Court in creating this presumption did not specify whether it affected the burden of proof or the burden of producing evidence. We are therefore required to characterize the presumption as one affecting either the burden of proof or the burden of producing evidence.

"A presumption affecting the burden of proof is a presumption established to implement some public policy other than to facilitate the determination of the particular action in which the presumption is applied, such as the policy in favor of establishment of a parent and child relationship, the validity of marriage, the stability of titles to property, or the security of those who entrust themselves or their property to the administration of others." (Evid. Code, § 605; see, e.g., *Pellerin v. Kern County Employees' Retirement Assn.* (2006) 145 Cal.App.4th 1099, 1106 [presumptions affecting the burden of proof are those intended "to advance some substantive policy goal"].)

"A presumption affecting the burden of producing evidence is a presumption established to implement no public policy other than to facilitate the determination of the particular action in which the presumption is applied." (Evid. Code, § 603.) "The code makes clear that the purpose of such a rebuttable presumption relates solely to judicial efficiency, and does not rest on any public policy extrinsic to the action in which it is invoked." (*TG Oceanside, L.P. v. City of Oceanside* (2007) 156 Cal.App.4th 1355, 1375.) Such a presumption "dispense[s] with unnecessary proof of facts that are likely to be true if not disputed." (Cal. Law. Revision Com. com., 29B West's Ann. Evid. Code (1995 ed.) foll. § 603, p. 57.)

Here, we conclude the *Privette* presumption affects the burden of producing evidence.[3] The *Privette* doctrine is derived from the principle that an independent contractor's hirer generally has no right of control over the mode of doing the work contracted for and, therefore, should not be vicariously liable for the independent contractor's negligence in ensuring the safety of its workers. The presumption is a logical extension of this doctrine because it dispenses with "unnecessary proof of facts that are likely to be true if not disputed"—that a hirer generally has " ' " 'no right of control as to the mode of doing the work contracted for.' " ' " (*Hooker*, *supra*, 27 Cal.4th at p. 213.) The presumption thus operates solely to facilitate the resolution of particular disputes, not to further any other public policy. Accordingly, it affects the burden of producing evidence.

"The effect of a presumption affecting the burden of producing evidence is to require the trier of fact to assume the existence of the presumed fact unless and until evidence is introduced which would support a finding of its nonexistence, in which case the trier of fact shall determine the existence or

---

[3] At oral argument, appellant's counsel argued this would be a "ground-breaking" rule. Although other cases have not expressly described this rule before, it has been clearly implied, as respondents argued. Courts applying the *Privette* doctrine have routinely placed the burden on the plaintiff to raise a triable issue of fact. (See, e.g., *Gravelin v. Satterfield* (2011) 200 Cal.App.4th 1209, 1214 ["*Privette* bars plaintiff's action absent a triable issue of fact as to whether an exception applies that would permit plaintiff to recover against defendants. [Citation.]"]; *Khosh v. Staples* (2016) 4 Cal.App.5th 712, 714 ["the trial court correctly granted a motion for summary judgment against the injured employee when he failed to present evidence that respondent affirmatively contributed to his injuries"].)

nonexistence of the presumed fact from the evidence and without regard to the presumption." (Evid. Code, § 604.) As stated above, on summary judgment, a moving party need only show it is entitled to the benefit of a presumption affecting the burden of producing evidence in order to shift the burden of proof to the opposing party to show there are triable issues of fact. (*Security Pac. Nat. Bank v. Associated Motor Sales*, *supra*, 106 Cal.App.3d at pp. 178–179.)

However, a presumption affecting the burden of producing evidence does not arise until the foundational facts are established. (*Craig v. Brown & Root, Inc.* (2000) 84 Cal.App.4th 416, 421.) Here, defendants provided the requisite factual foundation for the *Privette* presumption to apply. Their separate statement presented evidence that Evergreen hired plaintiff's employer to perform work at the Evergreen Terminal, that the other defendants—Seaside and Ports America—were also hired by Evergreen to perform work there,[4] and that plaintiff was injured while working at the site. This evidence was sufficient to establish that the *Privette* presumption applied and, therefore, shifted the burden to plaintiff to raise a triable issue of fact.

3. *Plaintiff Failed to Raise a Triable Issue of Material Fact*

Plaintiff argues that even if defendants met their burden as the moving parties on summary judgment, he succeeded in raising triable issues of fact as to whether defendants' placement of a 45-foot container in a row of 40-foot containers affirmatively contributed to his injuries. We conclude that plaintiff did not raise a triable issue of material fact.

---

[4] The *Privette* doctrine is "equally applicable in determining the liability of the hirer's agent." (*Ruiz v. Herman Weissker, Inc.* (2005) 130 Cal.App.4th 52, 62.)

9

Under the retained-control exception to the *Privette* doctrine, an affirmative contribution occurs when a general contractor " 'is actively involved in, or asserts control over, the manner of performance of the contracted work. [Citation.] Such an assertion of control occurs, for example, when the principal employer *directs* that the contracted work be done by use of a certain mode or otherwise interferes with the means and methods by which the work is to be accomplished. [Citations.]' [Citation.]" (*Hooker, supra,* 27 Cal.4th at p. 215.)

Here, plaintiff presented no evidence that defendants were "actively involved in" or "assert[ed] control over" "the manner of performance of the contracted work." (*Hooker, supra,* 27 Cal.4th at p. 215.) He did not, for example, present evidence that defendants directed him to perform his work in any particular manner. In fact, plaintiff, in a declaration stated it was his own "habit and custom in performing [] inspections and maintenance for . . . PCMC" to drive the maintenance van with only "6–7 feet of clearance and parallel to the line of 40 foot parked container on chassis." Plaintiff did not state that defendants directed him to perform his job in this manner.

In the alternative to showing that a hirer directed an independent contractor's employee to perform his work in a particular manner, an employee may also seek to hold a hirer liable for any failure to undertake a promised safety measure. "[A]ffirmative contribution need not always be in the form of actively directing a contractor or contractor's employee. There will be times when a hirer will be liable for its omissions. For example, if the hirer promises to undertake a particular safety measure, then the hirer's negligent failure to do so should result

10

in liability if such negligence leads to an employee injury." (*Hooker*, *supra*, 27 Cal.4th at p. 212, fn. 3.)

Here, however, plaintiff did not present evidence that defendants promised to undertake any particular safety measure. At most, plaintiff's separate statement presented evidence that defendants were "obligated to comply" with the Marine Safety Code and then violated that code by obstructing the driving lane with a 45-foot container. There was no evidence that any of the defendants *promised* PCMC that they would comply with the Marine Safety Code. The agreement between PCMC and Evergreen, for example, only tasked PCMC with undertaking certain safety measures; it did not provide that Evergreen would retain control of any safety conditions at the worksite.

Rather, the undisputed facts show that PCMC was responsible for its employees' safety on the job. Plaintiff did not raise a triable issue of fact suggesting either that defendants exercised the power to control the manner of performance of plaintiff's work or that they promised (and failed) to undertake any safety measures at the worksite. Accordingly, plaintiff did not meet his burden on summary judgment of showing that defendants retained control over safety conditions at the worksite in a manner that affirmatively contributed to his injuries.

A presumption affecting the burden of producing evidence "operates to eliminate the existence of a triable issue of fact where no contrary evidence is offered." (*Security Pac. Nat. Bank v. Associated Motor Sales*, *supra*, 106 Cal.App.3d at p. 180.) "If a party moving for summary judgment in any action, . . . would prevail at trial without submission of any issue of material fact for determination, then he should prevail on summary judgment." (*Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th

11

at p. 851.)  Here, defendants provided sufficient evidence to trigger the *Privette* presumption and plaintiff did not raise a triable issue of fact.  Therefore, summary judgment was properly granted.

### *DISPOSITION*

The judgment is affirmed.  Respondents are entitled to recover their costs on appeal.


SORTINO, J.*

WE CONCUR:


FLIER, J.


GRIMES, J.

---